Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 299 | **DATE** | 3/15/2001 |
| **CASE TITLE** | WANDA FOX vs. THE MONTELL CORPORATION | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Montell Corporation's motion to dismiss [4-1] is denied. Montell Corporation is directed to answer the complaint by March 26, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 19 2001 date docketed | 9 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 3/15/2001 date mailed notice | |
| SB | courtroom deputy's initials | 01 MAR 16 PM 5:37 | |
| | | Date/time received in central Clerk's Office | jad mailing deputy initials |

DOCKETED
MAR 1 9 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WANDA FOX, | ) |
| Plaintiff, | ) No. 01 C 299 |
| v. | ) Suzanne B. Conlon, Judge |
| THE MONTELL CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Wanda Fox ("Fox") sues the Montell Corporation ("Montell") for violations of the Truth in Lending Act ("TILA") (Count I), the Equal Credit Opportunity Act ("ECOA") (Count II), the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") (Counts III-IV), and the Uniform Commercial Code ("UCC") (Count V). Montell moves to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). On January 15, 2000, Fox and Montell executed a contract for Fox's purchase of a 1998 Plymouth Breeze. Pursuant to the agreement, the vehicle's monthly finance charge was $331.76. A Montell representative told Fox that her first payment would be due on February 29, 2000 and that he would mail her a payment book. The contract also contained a rider, stating that the contract was to be null and void if financing were not obtained within three days. The rider further stated Fox was to be notified of financing refusal.

Montell sent Fox a letter on January 25, 2000, stating the corporation was unable to secure financing on the Plymouth Breeze. The letter requested that Fox return the car to the dealership, but did not state the reasons why financing could not be obtained. After receiving the letter, Fox called Montell to discuss the denial of financing. A Montell representative stated that Fox never owned the car and that the contract meant "didly-squat." The representative demanded that Fox return the car and promised to re-establish Fox's credit if she brought the car back. In addition, the salesman promised to obtain financing approval on another car for Fox.

## DISCUSSION

### I. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

### II. TILA claims

The TILA was enacted "to assure a meaningful disclosure of credit terms" to the consumer. 15 U.S.C. §1601. Accordingly, the TILA requires creditors to provide borrowers with clear and accurate disclosures of finance terms and borrowers' rights. *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998). A plaintiff seeking recovery under TILA, must be "obligated on a consumer lease or a consumer credit transaction." 15 U.S.C. § 1631(a).

Montell contends Fox cannot properly allege that she is obligated on a consumer credit transaction.[1] Specifically, Montell contends that Fox's claim of a credit transaction is based entirely on an employee's alleged oral representation and, therefore, is barred by the parol evidence rule.

Illinois has adopted the UCC's parol evidence rule. Evidence of prior oral agreements or contemporaneous oral agreements cannot be used to vary or contradict the terms of an integrated written contract. *International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 729 (7th Cir. 1999). "A contract is integrated if the parties intended it to be a final and complete expression of their agreement." *Id.* Courts determine whether a contract is integrated. *Calder v. Camp Grove State Bank*, 892 F.2d 629, 631-32 (7th Cir. 1990).

Fox is precluded from establishing that the parties did not intend for the contract to be fully integrated because the contract contains an integration clause. *See International Marketing, Ltd.*, 192 F.3d at 730 (an effective integration clause conclusively establishes the parties' intent for the contract to be integrated); Motion to Dismiss, Ex. A. ("Ex. A").[2] Therefore, any statements Montell's employee allegedly made are barred by the parol evidence rule to the extent they are offered to vary or contradict the contract terms.

Although the employee's comments are barred for the purpose of changing the contract terms, Fox may still be able to prove that the contract itself represents a consumer credit transaction. If a

---

[1]At times, Montell asserts that Fox fails to allege a credit transaction, rather than asserting Fox's allegations are insufficient. To the extent Montell asserts the former argument, it is unfounded. Fox alleges that she was obligated on a credit transaction. *See* Cmplt. at ¶¶ 5-7, 16.

[2]The integration clause states, "Purchaser agrees that this Contract . . . include [sic] all the terms and conditions of the contract between the parties, that this Contract cancels and supersedes any prior agreement, that as of the date hereof, such agreements comprise the complete and exclusive statement of the terms of the contract between the parties . . ."

3

contract term is ambiguous on its face, extrinsic evidence, including parol evidence, may be offered to establish its meaning. *Bidlack v. Wheelabrator Corp.*, 993 F.2d 603, 608 (7th Cir. 1993) ("the parol evidence rule, which enforces integration clauses by barring evidence of side agreements, does not bar the use of extrinsic evidence to clarify the meaning of an ambiguous text"). Whether a contract is ambiguous is a matter of law. *Id.*

Fox alleges that she was to be financed at a monthly payment of $331.76. In the contract, under the $12,100 total owed for the car, the following is written: "MAX. Pmt. 331.76." *See* Ex. A. This provision is ambiguous because it is subject to several meanings. *See U.S. v. Ingram*, 979 F.2d 1179, 1184 (7th Cir. 1992) (a contract is ambiguous if subject to more than one meaning). For example, the quote could mean Fox was obligated under the sales finance agreement to pay the $12,100 total in monthly installments of no more than $331.76. Alternatively, the quote might simply refer to the amount Fox agreed to pay on a monthly basis. Therefore, Fox may be able to offer evidence, including the sales representative's statements, to show that this contract term represents a consumer credit transaction.

Montell further contends the contract is null and void because it contains a condition subsequent that was never fulfilled. Specifically, Montell asserts that pursuant to the rider, the contract was null and void if financing could not be obtained. However, Fox contends that under the rider, the contract would be null and void only if financing could not be obtained and Fox was notified of this problem within three days. After reviewing the rider, this court finds the document is ambiguous as to whether Fox had to be notified within three days. As discussed above, extrinsic evidence may be used to clarify the meaning of ambiguous contract terms. *Bidlack*, 993 F.2d at 608.

Accordingly, Fox may be able to establish through extrinsic evidence that the contract was never properly canceled.[3]

### III. ECOA claims

The ECOA requires creditors or a third party to notify credit applicants in writing if their applications for financing are denied. 15 U.S.C. § 1691(d). Fox alleges Montell violated the ECOA by failing to disclose the reasons why her credit was denied. Montell contends the sales finance agencies who denied credit were the creditors in the transaction at issue and, therefore, Montell is not liable under ECOA. However, Fox alleges Montell was a creditor for the transaction. Cmplt. at ¶ 19. For purposes of a motion to dismiss, this allegation must be accepted as true.

Montell further asserts that Fox did not properly allege an ECOA violation because she only alleged Montell failed to provide required disclosures, rather than alleging that neither the sales finance agencies nor Montell provided the disclosures. Fox would not be able to make this allegation prior to discovery because she has no way of identifying the finance agencies that Montell used for financing, if any. Assuming Fox is able to prove she did not receive denial notifications and reasons for denial from all the sales finance agencies Montell solicited, Montell can be held liable under the ECOA.

### IV. Consumer Fraud Act claims

Fox alleges Montell violated the Consumer Fraud Act by refusing to return her Plymouth Breeze down payment and trade-in vehicle. The parties do not dispute that the act requires Montell

---

[3]Montell bases its reasons for dismissing Counts III and V on Fox's failure to properly allege that (1) the TILA does not authorize Montell's conduct and (2) the contract was never properly canceled. Because this court finds Fox has sufficiently alleged these factors, Montell's arguments for dismissing Counts III and V are moot.

5

to return Fox's down payment and trade-in vehicle when the corporation is unable to obtain financing for the Plymouth Breeze. *See* 815 ILCS 505/2C. Instead, Montell asserts Fox fails to allege that Montell *refused* to return the down payment or the trade-in vehicle. However, the cases cited by both parties refer to a "failure to return" rather than a "refusal to return." *See e.g., Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 235 Ill.App.3d 70, 83 (2d Dist. 1992). Even if alleging a "refusal to return" was the preferable form, Fox's wording would not justify dismissal of this claim. Montell has sufficient notice of the nature of Fox's claim, and under liberal notice pleading "a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## CONCLUSION

Montell's motion to dismiss is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

March 15, 2001

6